**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2894-23

WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF
WAMPUS MORTGAGE LOAN
TRUST,

 Plaintiff-Respondent,

v.

ANN M. JENNINGS and MR.
JENNINGS, husband of ANN M.
JENNINGS,

 Defendant-Appellant,

and

MIDLAND CREDIT
MANAGEMENT, INC.,

 Defendant.

_____

 Submitted April 9, 2025 – Decided May 5, 2025

 Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Salem County, Docket No. F-008220-23.

Ann M. Jennings, appellant pro se.

Brock & Scott, PLLC, attorneys for respondent (Naser Selmanovic, on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Ann M. Jennings appeals from the May 9, 2024 Chancery Division order denying her motion to vacate the March 7, 2024 final judgment entered in favor of plaintiff Wilmington Savings Fund Society, FSB, as Trustee of Wampus Mortgage Loan Trust. Because defendant did not provide a transcript of the court's oral decision on the motion, we dismiss the appeal.

After plaintiff obtained final judgment by default, defendant moved to vacate the judgment, which plaintiff opposed. On May 9, 2024, the judge decided the motion on the papers and entered plaintiff's form order denying the motion. The order neither included reasons for the judge's decision, nor stated the basis for the decision was orally placed on the record.

2                                                                      A-2894-23

In her appellate case information statement (CIS),[1] defendant indicated the motion judge did not issue either oral or written findings or an opinion. Thus, defendant did not request the transcript as required by Rule 2:5-1(g).  On appeal, defendant solely argues the judge abused his discretion by failing to issue a written or oral opinion or memorandum decision, contrary to Rule 1:7-4.

Plaintiff's responding brief indicates counsel inquired of the judge's chambers and was advised the judge issued an oral decision on the record on May 10, 2024.

Upon commencing an appeal, the appellant is required to file and serve a request for the preparation of the transcript of the proceedings before the court from which the appeal is taken.  R. 2:5-1(a)(2) and (g).  Because the trial court record is essential to our determination of issues raised on appeal, we are not "obliged to attempt review of an issue when the relevant portions of the [trial court] record are not included" on appeal.  Cmty. Hosp. Grp. v. Blume

---

[1]  The CIS contains an advisement:  "Caution:  Before you indicate that there was neither findings nor an opinion, you should inquire of the trial judge to determine whether findings or an opinion was placed on the record out of counsel's presence or whether the judge will be filing a statement or opinion pursuant to R[ule] 2:5-1([d])."

Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005).

Although the May 9, 2023 order did not indicate the reasons for the decision were placed on the record, that omission appears to be an oversight. Because defendant elected not to obtain the transcript of the May 10, 2023 oral decision critical to our review of her contentions, we decline to address the merits of her appeal.

Dismissed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2894-23